UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DEREK RAY JACKSON, JR.,

    Petitioner,

v.                        Civil No.: 2:13cv355

HAROLD W. CLARKE, Director
of the Virginia Department
of Corrections,

    Respondent.

## FINAL ORDER

This matter is before the Court on Derek Ray Jackson, Jr.'s ("Petitioner") habeas motion, filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner, a Virginia inmate, asserts that his sentence of life in prison without parole, imposed as a result of a murder Petitioner committed as a juvenile, is unconstitutional in light of Miller v. Alabama, 567 U.S. 460 (2012). Respondent filed a motion to dismiss Petitioner's § 2254 motion on both procedural and substantive grounds. ECF No. 8.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for Report and Recommendation ("R&R"). The Magistrate Judge subsequently issued an R&R recommending that Respondent's motion to dismiss be denied, and

that Petitioner's § 2254 motion be granted to the extent it seeks to vacate Petitioner's sentence and remand to the state court for resentencing.

This Court has received and fully considered Respondent's objections to the R&R and made de novo findings with respect to the portions objected to. Additionally, this matter has been taken under advisement on multiple occasions due to the evolving state of the controlling law. Most recently, Petitioner's § 2254 motion was taken under advisement pending the resolution of an appeal to the United States Court of Appeals for the Fourth Circuit in Malvo v. Mathena, a case that involved both procedural and substantive issues that largely mirror the issues addressed in the R&R in the instant case. ECF No. 49.[1] The Fourth Circuit heard oral argument in Malvo on January 23, 2018, and on June 21, 2018, the Court issued its Malvo opinion affirming the district court's decision to grant habeas relief and order resentencing in that case. Malvo v. Mathena, 893 F.3d 265, 266-67 (4th Cir. 2018).

On July 5, 2018, counsel for the parties in this case filed a "Joint Status Update and Proposed Briefing Schedule." ECF No. 52. At that time, Respondent took the position that an additional stay was warranted, and this Court established a briefing schedule

---

[1] After being provided an opportunity to comment, neither party objected to this Court holding the case in abeyance pending the resolution of the appeal in Malvo. ECF Nos. 47-48.

for supplemental briefs, to include briefing on the impact of Malvo, and briefing on Respondent's request that the case be stayed pending the Supreme Court's resolution of an anticipated certiorari petition in Malvo. Id.

After the motion seeking an additional stay was fully briefed, this Court issued an Order denying such motion. ECF No. 59. Within such Order, the Court requested "further clarification" from Respondent regarding his interpretation of the Fourth Circuit's Malvo opinion, noting that a statement by Respondent in a recent brief raised doubt as to whether Respondent was "conceding that Petitioner's § 2254 habeas petition should be granted in light of the Fourth Circuit's controlling opinion in Malvo." Id. at 5. In response to the Court's request for clarification, Respondent submitted a brief clarifying that Respondent "stands by his earlier recognition that, if the United States Supreme Court denies certiorari or affirms the Fourth Circuit's decision in Malvo, the Malvo decision would control disposition of this case with respect to the sentence imposed for capital murder." ECF No. 60, at 1.

Although this Court acknowledges that Respondent disagrees with the ruling in Malvo, such ruling is binding precedent, and a further stay of this case has been denied. Moreover, as noted above, Respondent concedes, as he must, that Malvo controls the disposition of the instant case with respect to the constitutionality of Petitioner's sentence. While the legal

3

landscape saw substantial developments subsequent to the issuance of the R&R, the Magistrate Judge's analysis is consistent with such developments, and the analysis and result recommended by the Magistrate Judge remains the proper disposition.[2] Accordingly, this Court **ADOPTS** and **APPROVES** the findings and recommendations of the United States Magistrate Judge. To the extent any minor discrepancies in analysis exist between the R&R and the subsequently decided controlling opinions in Montgomery and Malvo, this Court adopts and applies the law set forth in Montgomery and Malvo, which mandate precisely the same outcome recommended by the Magistrate Judge.

It is therefore **ORDERED** that Respondent's Motion to Dismiss, ECF No. 8, is **DENIED**, and Petitioner's Writ of Habeas Corpus, ECF No. 1, is **GRANTED**. Petitioner's sentence imposed by the Circuit Court for the City of Chesapeake is **VACATED** and his case is **REMANDED** to such Court for a new sentencing proceeding as prescribed by Virginia law, and in accordance with the dictates of Miller v. Alabama and Montgomery v. Louisiana. Nothing in this

---

[2] While there was no consensus in the case law at the time, the Magistrate Judge's R&R correctly concludes, well prior to the Supreme Court's decision in Montgomery, that Miller announced a new substantive rule that is retroactive to cases on collateral review. ECF No. 17, at 13; Montgomery, 136 S. Ct. at 732. Moreover, consistent with Montgomery and Malvo, the Magistrate Judge concluded that Virginia's sentencing scheme, as applied in Petitioner's case, violates Miller even though the sentencing judge has the authority to suspend a portion of a juvenile's life sentence because such sentencing scheme does not mandate consideration of the mitigating effect of a juvenile defendant's youth. ECF No. 17, at 19-20.

Order should be interpreted as suggesting that Petitioner should be released prior to his resentencing.

The Clerk is **REQUESTED** to enter final judgment in favor of Petitioner and to forward a copy of this Final Order to counsel for both parties.

It is so **ORDERED**.

                                             /s/                    
Mark S. Davis
Chief United States District Judge

Norfolk, Virginia
December 6, 2018